UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF JUANITA AMELIA
JACKSON, by and through CATHY
JACKSON-PLATTS, f/k/a CATHERINE
WHATLEY, Personal Representative,

    Plaintiff,
v.                                Case No. 8:13-cv-1133-T-33MAP

MICHAEL SANDNES, as Court-
Appointed Receiver for Trans
Healthcare, Inc., et al.,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant Michael Sandnes's Motion to Quash Insufficient Service of Process (Doc. # 66), which was filed on September 20, 2013. Plaintiff, the Estate of Juanita Amelia Jackson, by and through Cathy Jackson-Platts, filed a Response in Opposition to the Motion to Quash (Doc. # 69) on October 4, 2013. Thereafter, with leave of Court, the Estate filed a supplemental Declaration (Doc. # 78-1) on October 31, 2013. In addition, on November 8, 2013, Sandnes filed a Reply (Doc. # 81). For the reasons that follow, the Court denies the Motion to Quash.

**I.   Background**

    On April 26, 2013, the Estate filed a two-count Complaint against Sandnes and several other defendants alleging

Deprivation of Rights Under the Civil Rights Act (count 1) and Civil Conspiracy (count 2). On August 22, 2013, the Estate alerted the Court to the fact that it had yet to serve Sandnes as follows: "the 120 days in which to serve process on Defendant, Michael Sandnes, a citizen of Baltimore, Maryland, who is believed to be residing in the Kingdom of Saudi Arabia, is scheduled to expire on August 24, 2013." (Doc. # 54 at 1). The Estate requested a 120-day extension of time until and including December 22, 2013, in which to serve Sandnes outside of the United States.

The Court scheduled a hearing on the Extension Motion for September 12, 2013, and on the morning of the hearing, the Estate filed a "Proof of Service" reflecting that service on Sandnes was effected by process server Ziyad Al Safi on August 30, 2013. (Doc. # 61-2). The Proof of Service states in pertinent part: "I left the summons at the individual's residence or usual place of abode with M.H. Alqadi (person in charge at time of service), a person of suitable age and discretion who resides there." (Id.). In addition to filing the Proof of Service executed by Al Safi, the Estate tendered the Declaration of Nelson Tucker, the CEO of Process Service Network LLC. (Doc. # 61-3). Therein, Tucker indicated: "I have been advised by the process server that he completed the service on

August 30, 2013, at Al Qadi Speciality Hospital, King Saud Road, Al Fahad District, Najran, Saudi Arabia.  I have reviewed the issues related to the service and conclude that the service complies with the laws of the Kingdom of Saudi Arabia.  Saudi law does not prohibit substituted service." (Id. at ¶ 4).

During the hearing, the Court and the parties examined the Proof of Service and the Declaration filed in support thereof. Counsel for the Estate also candidly acknowledged that Sandnes's LinkedIn profile states that his position at Al Qadi Speciality Hospital ended in May 2013.[1]  At the conclusion of the hearing, the Estate withdrew the Extension Motion. (Doc. # 62).

Thereafter, on September 20, 2013, Sandnes filed the instant Motion to Quash for Insufficient Service of Process. (Doc. # 66).  The Estate responded to the Motion to Quash (Doc. # 69) and also filed the Process Server's Declaration (Doc. # 78).  Therein, Al Safi explains:

> On July 5, 2013, I received an assignment for service of process in Saudi Arabia. . . . The service was to be completed by the informal method, service by private process server, since Saudi Arabia does not honor Letters Rogatory and is not a signer of the Hague Convention. . . . On August 30, 2013, at 2:50

---

[1] A copy of Sandnes's LinkedIn Profile is before the Court and reflects that Sandnes was the CEO of Al Qadi Speciality Hospital from February of 2012, until May of 2013. (Doc. # 67). The relevant LinkedIn profile contains Sandnes's email address and telephone number, but omits his address.

-3-

> p.m. I made service on Sandnes by handing the documents (Summons in a Civil Action, Complaint and Jury Demand, and related court-issued documents) to Mr. M.H. Alqadi, who identified himself to me as the son of the owner of the hospital. He advised me that Sandnes was out of town and the date of his return was unknown to him. He advised me that Sandnes occupies a sleeping room in the hospital when he is in town and that he receives mail there. He advised me that he would pass on the documents to Sandnes when he returned to the hospital. It is not required that an individual be designated as a person (agent) to accept service of process in Saudi Arabia as there is no such law in existence. . . . I fully believe that the service was just and proper.

(Doc. # 78-1).

## II. **Discussion**

The Court evaluates Al Safi's Proof of Service and accompanying Declaration against the touchstone of Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(f), Serving an Individual in a Foreign Country, states:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

-4-

>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>   (C) unless prohibited by the foreign country's law, by:
>     (i) delivering a copy of the summons and of the complaint to the individual personally; or
>     (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>   (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).[2]

As explained in Bodyup Fitness, LLC v. 2080039 Ontario, Inc., No. 07-22223, 2008 U.S. Dist. LEXIS 13494, at *9 (M.D. Fla. Feb. 23, 2008), "A process server's return of service is presumed to be valid and satisfies plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary."

Sandnes correctly points out that Al Safi's original Return of Service was deficient because it did not state the address of Al Qadi Speciality Hospital and did not identify the relationship between Sandnes and M.H. Alqadi. However, at this juncture, Al Safi has provided more information to the Court through a detailed Declaration. (Doc. # 78-1). Al Safi provides

---

[2] The parties agree that Saudi Arabia is not a signatory to the Hague Convention.

the missing address and explains the relationship between Sandnes and M.H. Alqadi (that M.H. Alqadi is the son of the owner of Al Qadi Speciality Hospital).

After service has been accomplished, Rule 4(l) requires that a Plaintiff file proof of service. Rule 4(l)(2)(B) indicates that service not within any judicial district of the United States must be proved, "if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee."

Because the Estate has filed a Return of Service for Sandnes, the Estate has met its prima facie burden of establishing service on Sandnes. Bodyup Fitness, LLC, 2008 U.S. Dist. LEXIS 13494 at *9. Sandnes, on the other hand, has not come forward with evidence of a strong and convincing character to refute that service has been effected. Notably, Sandnes has not come forward with an affidavit stating that he no longer lives and works at Al Qadi Speciality Hospital and that he did not receive the Summons and the Complaint. Sandnes's unsworn copy of his LinkedIn profile suggesting that Sandnes no longer works at the Hospital is not dispositive. As argued by the Estate, it was Sandnes's burden to state facts of a strong and convincing nature (via an affidavit, declaration, or similar

-6-

document) tending to cast doubt on the validity of the service achieved by the Estate.  Sandnes has not done so.[3]

It is apparent that Sandnes is aware of this suit, and the Court determines that Sandnes has not been prejudiced by any irregularities present in the Return of Service documents before the Court.  As stated in Sanderford v. Prudential Insurance Co., 902 F.2d 897, 900 (11th Cir. 1990), "Rule 4, Fed. R. Civ. P., is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." (internal citations omitted).  Further, the Court is mindful that accomplishing service in Saudi Arabia is no easy task. See, e.g, Ehrenfeld v. Salim a Bin Mahfouz, No. 04-cv-9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)(describing some of the challenges associated with effecting service of process in Saudi Arabia).

---

[3] In his reply, Sandnes provides a supplemental Declaration signed by Nelson on October 9, 2013, in which Nelson indicates, "On September 30, 2013, I received a phone call from Al Safi advising me that the hospital was now under renovation and that there were no longer employees staffing the facility - only construction workers." (Doc. # 81-1 at ¶ 4).  Putting aside the hearsay nature of the statement and assuming that construction did, in fact, commence as of September 30, 2013, this would not defeat the Estate's contention that service of process was accomplished at Al Qadi Specialty Hospital on August 30, 2013.

The Motion to Quash is due to be denied. The Court accepts Sandnes's alternative argument that he joins in the Motion to Dismiss filed by Defendant Alan Grochal (Doc. # 30). The Court will issue an Order on that Motion via separate Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Michael Sandnes's Motion to Quash Insufficient Service of Process (Doc. # 66) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of November, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record