UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF JUANITA AMELIA
JACKSON, by and through CATHY
JACKSON-PLATTS, f/k/a CATHRINE
WHATLEY, Personal Representative,

    Plaintiff,
v.                                Case No. 8:13-cv-1133-T-33MAP

MICHAEL SANDNES, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff the Estate of Juanita Amelia Jackson's Expedited Motion to Extend Time to File an Amended Complaint (Doc. # 95), which was filed on February 6, 2014. Defendants Michael Sandnes, Alan Grochal, and Tydings & Rosenberg, LLC filed a Response in Opposition to the Motion (Doc. # 96) on February 10, 2014. Defendants GTCR Fund VI, L.P., GTCR Partners VI, L.P., and GTCR Golden Rauner, LLC filed a Response in Opposition to the Motion (Doc. # 99) on February 12, 2014. Defendants Ventas, Inc. and Ventas Realty, Limited Partnership filed a Response in Opposition to the Motion (Doc. # 100) on February 12, 2014. For the reasons stated below, the Court grants a limited

extension of time, until and including February 21, 2014, for the Jackson Estate to file an Amended Complaint.

**Discussion**

In an Order dated February 3, 2014, the Court dismissed this action without prejudice and with leave to amend by February 14, 2014. (Doc. # 94). At this juncture, the Jackson Estate seeks a 90-day extension of time to file the Amended Complaint based on "upcoming professional obligations in related proceedings." (Doc. # 95). The Court determines that it is appropriate to grant a limited extension of time for the Jackson Estate to file an Amended Complaint, but that a 90-day extension is excessive and unreasonable.

The Court concurs with the analysis provided by the Ventas Defendants as follows:

> Plaintiff and Plaintiff's counsel have elected to file a multiplicity of actions asserting the same theories against the same overlapping groups of defendants. . . . Ventas moved to stay this case (Doc. # 68) in light of the parallel litigation in the Bankruptcy Court, but Plaintiff successfully opposed that motion, arguing that all of these proceedings must continue simultaneously. (Doc. # 73). Plaintiff, having elected to pursue multiple and simultaneous cases on the same subject matter, and having opposed efforts to stay this case, should not now be permitted to delay these proceedings because of litigation burdens that Plaintiff foreseeably created and has imposed upon all other participants and the Court.

(Doc. # 100 at 1-2). The fact that the Jackson Estate faces the responsibility of diligently prosecuting multiple actions against these defendants in various related cases is a difficulty of the Jackson Estate's own design.

In addition, it should be noted that this Court has altered its Case Management and Scheduling Order so that this case may proceed on track with the consolidated proceedings before Judge Williamson (because of the Jackson Estate's multiple similar complaints and claims), including a March 14, 2014, fact discovery deadline, a May 23, 2014, expert discovery deadline, and a June 13, 2014, dispositive motions deadline, among other deadlines. (Doc. # 85). Granting an extension of time until May 15, 2014, would disrupt the consolidated schedule and lead to uncoordinated and inefficient proceedings between this Court and the Bankruptcy Court. Notably, when the Ventas Defendants moved for a stay of this action, the Jackson Estate argued that coordination with the bankruptcy case required this case to move forward without delay, in order to avoid "the type of rescheduling that is directly disfavored in the Middle District." (Doc. # 73 at 5). By requesting a three month extension, the Jackson

Estate now seeks exactly that type of "disfavored" rescheduling.

The Court grants the Jackson Estate an extension of time until February 21, 2014, but does not grant a further extension.[1] If the Court extended the deadline for the Jackson Estate to file an Amended Complaint to May 15, 2014, this case would no longer track the bankruptcy proceedings. The Court "must take an active role in managing cases on [its] docket" and enjoys broad discretion "in deciding how best to manage the cases before [it]." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).  A 90-day extension of time to file an Amended Complaint is not an appropriate exercise of that discretion.

Accordingly, the Court will grant the extension motion only to the extent that the Jackson Estate has until and including February 21, 2014, to file an Amended Complaint.

Accordingly, it is hereby

---

[1] In the Jackson Estate's Motion, it mentions multiple bankruptcy proceedings in Tampa as well as appellate proceedings in Maryland, which it contends bear on the issues presented in this case.  The Court has determined that it is not appropriate to allow the Jackson Estate 90 additional days to file an Amended Complaint.  However, the Court would consider a Motion to Stay this action, based on those proceedings, if raised in a timely manner.

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Expedited Motion to Extend Time to File an Amended Complaint (Doc. # 95) is **GRANTED** to the extent that Plaintiff has until and including February 21, 2014, to file its Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record