UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF JUANITA AMELIA
JACKSON, by and through CATHY
JACKSON-PLATTS, Personal
Representative,

    Plaintiff,
v.                                Case No. 8:13-cv-1133-T-33MAP

MICHAEL SANDNES, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff the Estate of Juanita Amelia Jackson's Motion to Stay Proceedings (Doc. # 109), which was filed on March 13, 2014. Defendants Alan M. Grochal, Michael Sandnes, and Tydings & Rosenberg, LLC filed a response in opposition to the Motion (Doc. # 114) on March 26, 2014. In addition, on March 31, 2014, Defendants GTCR Golder Rauner, LLC, GTCR Partners VI, L.P., and General Electric Capital Corporation filed responses to the Motion. (Doc. ## 119, 120). For the reasons that follow, the Court grants the Motion.

**Discussion**

On December 5, 2011, the Jackson Estate filed an involuntary chapter 7 bankruptcy case naming Fundamental Long Term Care, Inc. as the debtor. See case 8:11-bk-22258-MGW.

Judge Williamson has presided over that case since its inception and has addressed numerous complex issues in that case as well as in myriad related adversary proceedings, including 8:13-ap-893-MGW. In a recent order, Judge Williamson explained:

> [T]he Estate of Jackson obtained a $110 million judgment against THI and THMI. The Estate of Jackson then added the Debtor's name to the judgment in post-judgment proceedings supplementary. After adding the Debtor to its judgment against THI and THMI, the Estate filed this involuntary case. The day before the order for relief was entered, the Estate of Nunziata obtained a $200 million judgment against THMI. One month later, the Estate of Webb obtained a $900 million judgment against THI and THMI. So more than $1 billion in judgments were entered against THI and THMI around the time this bankruptcy case was filed.

(8:13-ap-893-MGW at Doc. # 204 at 13). Judge Williamson's discussion illustrates how the Jackson Estate's claims are a single piece of a larger puzzle.

This Court and the bankruptcy court have been entering Orders on these related cases simultaneously. In one such Order, this Court dismissed the Jackson Estate's claims against Defendants Michael Sandnes, Alan M. Grochal, and Tydings & Rosenberg, LLP for lack of jurisdiction based on the application of the Barton Doctrine. (Doc. # 93). The Supreme Court in <u>Barton v. Barbour</u>, 104 U.S. 126, 127 (1881), stated

2

that "it is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained."  This Court determined that it lacked jurisdiction over Sandnes and Grochal (both receivers appointed by a Maryland court) as well as Tydings (counsel for the receivers) because the Jackson Estate failed to seek leave of the Maryland court prior to asserting claims against these entities in this Court. (Doc. # 93 at 9-12).

This Court has also issued an Order dismissing without prejudice claims against other defendants in this case with leave to amend. (Doc. # 94).  The Jackson Estate sought a 90-day extension of time in which to file the amended complaint. (Doc. # 95).  In an Order dated March 13, 2014, the Court granted a limited extension of time for the Jackson Estate to file the amended complaint and noted:

> [The Jackson Estate] mentions multiple bankruptcy proceedings in Tampa as well as appellate proceedings in Maryland, which it contends bear on the issues presented in this case.  The Court has determined that it is not appropriate to allow the Jackson Estate 90 additional days to file an Amended Complaint.  However, the Court would consider a Motion to Stay this action, based on those proceedings, if raised in a timely manner.

(Doc. # 101 at 4).

At this juncture, the Jackson Estate requests that this action be stayed pending resolution of appellate proceedings

3

in Maryland and resolution of certain issues in the aforementioned bankruptcy proceedings. (Doc. # 109). For instance, in the Motion to Stay Proceedings, the Jackson Estate asserts that a stay is warranted because "a pending appeal in the Maryland Court of Special Appeals bears directly on the issues presented in this case. The appeal relates to the validity of the Maryland receivership that forms the basis of this action. Oral argument was held on March 6, 2014 and the parties await a decision by the appellate court." (Doc. # 109 at 4).

 The Jackson Estate also highlights the overlapping nature of the claims asserted in the bankruptcy court and the "embarrassment of conflicting rulings" which may arise if this Court and the bankruptcy court continue to address the merits of these intertwined cases simultaneously. (<u>Id.</u> at 3)(citing <u>Gov't of Virgin Island v. Neadle</u>, 861 F. Supp. 1054, 1055 (M.D. Fla. 1994)). The Jackson Estate requests a stay of these proceedings "until the adversarial proceeding reaches a stage where the risk of inconsistent rulings is no longer present." (Doc. # 109 at 3-4).

 The Court exercises its discretion to stay this case until such time as the aforementioned Maryland appellate proceedings and bankruptcy proceedings have been resolved.

4

See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1552 (11th Cir. 1986)("Trial courts are afforded broad discretion in determining whether to stay . . . litigation in order to avoid duplicating proceedings already pending in another federal court.").[1]  The Court accordingly stays the case as requested in the Jackson Estate's Motion pending resolution of the Maryland court proceedings and the bankruptcy proceedings.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Jackson Estate's Motion to Stay Proceedings (Doc. # 109) is **GRANTED.**

(2) The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE**

---

[1] The Court recognizes that on February 3, 2014, it entered an Order (Doc. # 93), inter alia, denying without prejudice a Motion to Stay filed by the Ventas Defendants (Doc. # 68).  However, since the entry of that Order, this Court, the bankruptcy court, and the Maryland court have issued countless orders which alter the legal landscape of these interrelated proceedings.  Much has changed since February 3, 2014, and the Jackson Estate has now persuaded this Court that an Order staying this case is the most prudent course of action.

      **THIS CASE.**

(3)   The parties are directed to file a status report on **June 30, 2014,** and every 90 days thereafter.

      **DONE** and **ORDERED** in Tampa, Florida, this <u>8th</u> day of April, 2014.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record