UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

THE ESTATE OF JUANITA AMELIA
JACKSON, BY AND THROUGH CATHY
JACKSON-PLATTS, FORMERLY KNOWN AS
CATHERINE WHATLEY,

        Plaintiff,
v.                          Case No. 8:13-cv-1133-T-33MAP

MICHAEL SANDNES, ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff the Estate of Juanita Amelia Jackson's Motion for Reconsideration of Endorsed Order Directing the Clerk to Close this Case Pursuant to Federal Rules of Civil Procedure 59 and 60 (Doc. # 131), which was filed on May 4, 2015. On May 18, 2015, Defendants Alan M. Grochal, Michael Sandnes, and Tydings & Rosenberg, LLP filed a Response in Opposition to the Motion. (Doc. # 132). Thereafter, on May 21, 2015, Defendants GTCR Fund VI, L.P., GTCR Golder Rauner, LLC, and GTCR Partners VI, L.P. filed a Response in Opposition to the Motion. (Doc. # 133). On May 21, 2015, Defendants General Electric Capital Corporation, Ventas Realty, L.P. and Ventas, Inc. notified the Court of their intention to join in the Response filed on behalf of the GTCR Defendants. (Doc. ## 134, 135). The Court

denies the Motion for Reconsideration for the reasons that follow.

I. **Background**

On April 26, 2013, Plaintiff filed a two count complaint against the Defendants alleging "deprivation of rights under the civil rights act" under 42 U.S.C. § 1983 (Count 1) and civil conspiracy under Florida law (Count 2). (Doc. # 1). Plaintiff filed an Amended Complaint on February 21, 2014. (Doc. # 104). On March 13, 2014, Plaintiff filed a Motion to Stay Proceedings based on the pendency of a related bankruptcy case and other matters. (Doc. # 109). The Court granted the Motion to Stay on April 8, 2014, and directed the Clerk to stay and administratively close the case. (Doc. # 124). In so staying and administratively closing the case, the Court required the parties to file a status report on June 30, 2014, and every 90 days thereafter. (Id.).

On June 30, 2014, the GTCR Defendants, the Ventas Defendants, and General Electric Capital Corp. filed a status report explaining, inter alia, that "[t]he bankruptcy proceeding, In re *Fundamental Long Term Care, Inc.*, No. 8:11-bk-22258-MGW, adversary proceeding 8:13-ap-893, is proceeding toward trial." (Doc. # 125 at 1). Thereafter, on September 29, 2014, all Defendants filed an additional status report

indicating, with respect to the relevant bankruptcy case, that: "The bankruptcy court (Honorable Michael G. Williamson) granted summary judgment in favor of defendants GECC and Ventas on September 8, 2014. Trial began on September 22 and is scheduled to end on October 3, with the exception of one witness who will testify on October 27." (Doc. # 126 at 1).

On September 30, 2014, Plaintiff filed a status report joining in the Defendants' status report filed on September 29, 2014 (Doc. # 126) and adding that a Motion for Reconsideration of the bankruptcy court's summary judgment order was filed on September 20, 2014. (Doc. # 127). On December 29, 2014, the GTCR Defendants filed a status report explaining that the trial concluded in the bankruptcy court on November 18, 2014, and that "[o]n December 16, 2014, the bankruptcy court announced its tentative ruling from the bench, finding in favor of the GTCR Entities and two additional GTCR-related entities. . . . [T]he bankruptcy court found in Plaintiffs' favor against other defendants (which are not parties here), and the bankruptcy court ordered those defendants and Plaintiffs to mediate by January 31, 2015." (Doc. # 128 at 2).

Thereafter, in a detailed status report dated March 27, 2015, the GTCR Defendants, the Ventas Defendants, and General Electric Capital Corp. explained that the bankruptcy court

-3-

permanently enjoined Plaintiff "from moving forward with its claims in this litigation." (Doc. # 129 at 2). Plaintiff did not file a response, a status report reflecting additional information, or any other challenge to the representations contained within the March 27, 2015, status report. In fact, the record reflects that the only status report that Plaintiff has submitted since the Order staying the case was filed on September 30, 2014. (Doc. # 127). Accordingly, on April 6, 2015, the Court entered an Order directing the clerk to close the case based on the bankruptcy court's order permanently barring and enjoining the present litigation. (Doc. # 130). At this juncture, Plaintiff seeks reconsideration of the Court's decision to close the case.

## II. **Legal Standard**

Plaintiff's Motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure, as it was filed within 28 days of the Order directing case closure. Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must

demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

### III. Analysis

Plaintiff indicates that "[r]econsideration is necessary to correct a clear error of law, prevent manifest injustice,

-5-

and prevent a substantial injustice and inequity that would result if the Endorsed Order were to continue in effect." (Doc. # 131 at 2). Plaintiff explains that: "entry of the permanent injunction was a condition of the bankruptcy court's approval of proposed compromises between the probate estate plaintiffs, including the Jackson Estate, the Chapter 7 Trustee, and certain defendants in the adversary proceeding (collectively, 'settling parties')." (Id. at 2-3). However, Plaintiff remarks that the parties "have not yet reached a final compromise" and various parties have filed appeals of relevant bankruptcy court orders, as well as motions for reconsideration. (Id. at 3).

In response to the present Motion for Reconsideration, Defendants persuasively argue that the bankruptcy court's "permanent injunction remains in full force and effect." (Doc. # 133). Defendants suggest that, "[i]n the unlikely event that the permanent injunction is modified in a way that would allow plaintiff to proceed with its claims here, then plaintiff could, at that time, return to this Court and move to reopen the case." (Id.). However, as argued by Defendants, "Plaintiff's speculation about changes that plaintiff hopes a court might make to a permanent injunction in the future provides no basis for reconsideration." (Id.). The Court agrees with Defendants that the better course of action is to

-6-

close the present case, which has been barred by the bankruptcy court's permanent injunction. The Court is not persuaded that an Order of reconsideration is needed to prevent manifest injustice or to correct an error of law. Instead, as posited by Defendants, Plaintiff should seek an Order to reopen this case only if the bankruptcy court lifts or modifies the injunction applicable to this action. Otherwise, this Court sees no reason to maintain this case on its pending docket. The Motion for Reconsideration is therefore denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Reconsideration of Endorsed Order Directing the Clerk to Close this Case Pursuant to Federal Rules of Civil Procedure 59 and 60 (Doc. # 131) is **DENIED.**

**DONE** and **ORDERED** in chambers in Tampa, Florida, this 28th day of May, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record